**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
**The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>Ricardo Socorro Ortega<br><br>Debtor. | Case No. 26-15320 MER<br><br>Chapter 13 |

**ORDER DENYING MOTION TO SELL**

THIS MATTER comes before the Court on the Motion to Sell Real Property Located at 6764 E. Exposition Ave, Denver, CO 80224 ("**Motion**") filed by the Debtor, *pro se*.[1]

The Debtor commenced the instant bankruptcy case on July 22, 2023. On July 23, 2026, the Debtor filed a motion to extend the automatic stay (the "**Stay Motion**"). The Court entered an order regarding the Stay Motion on August 11, 2026 (the "**Stay Motion Order**").[2] In its order, the Court noted that the Debtor had two bankruptcy cases pending in the year before filing the instant case.[3] As such, the automatic stay did not go into effect upon the filing of the instant case pursuant to 11 U.S.C. § 362(c)(4)(B). The Court then imposed the stay as to all creditors as of August 11, 2026.

On September 23, 2026, the Debtor initiated an adversary proceeding against Cross Country Mortgage, the Denver Public Trustee, Denver Water, and Xcel Energy (collectively, the "**Defendants**").[4] The Debtor filed a motion for a temporary restraining order in the adversary proceeding (the "**TRO Motion**"). The TRO Motion asserted, among other things, that the Defendants had violated the automatic stay because a foreclosure of the Debtor's property located at 6764 E. Exposition Avenue, Denver, Colorado, 80224 (the "**Property**") had taken place after the instant bankruptcy case was filed; and therefore, the sale is void. Documents attached to the TRO Motion show the Property was sold to Cross Country Mortgage at a public trustee's sale on July 23,

---

[1] ECF No. 43. The Debtor filed the instant Motion *pro se* despite still being represented by counsel. Debtor's counsel filed a motion to withdraw on September 25, 2026. As of the date of this Order, the Court has not entered an order on that motion. As such, unless and/or until the Court permits Debtor's counsel to withdraw, all future motions and pleadings must be filed through counsel. L.B.R. 9010-1(c); L.B.R. 9010-4(a).

[2] ECF No. 20.

[3] Case No. 25-17623-MER, which was dismissed on January 21, 2026, and Case No. 26-11484-MER, which was dismissed on May 21, 2026.

[4] Adv. Proc. No. 26-01246-MER.

2026, before the automatic stay went into effect.[5] Accordingly, the Court entered an order denying the TRO Motion on September 25, 2026, and that order is incorporated herein.[6] The Debtor filed the instant Motion on September 23, 2026, seeking to sell the Property himself. However, the Debtor no longer owns the Property and is therefore not entitled to sell it.[7] Therefore, the Court

ORDERS the Motion is DENIED.

Dated September 30, 2026

BY THE COURT:

Michael E. Romero, Judge
United States Bankruptcy Court

[5] *Id.*, ECF No. 3 at 30.

[6] *Id.*, ECF No. 4.

[7] See *In re Salmon*, 528 B.R. 171, 175 (9th Cir. BAP 2015) (finding that property is no longer property of the estate as of the foreclosure sale).